**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DISK AUTHORING TECHNOLOGIES LLC<br><br>    Plaintiff,<br><br>  -against-<br><br>NERO A.G. and NERO, INC.,<br><br>    Defendants. | Civil Action No.: 16-cv-1741<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>ECF Case |

Plaintiff Disk Authoring Technologies LLC ("DAT"), by and through its attorneys Kheyfits P.C., as and for its complaint against Defendants Nero A.G. ("Nero-Germany") and Nero Inc. ("Nero-USA") (collectively "Nero"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Defendants Nero-Germany and Nero-USA of one or more claims of U.S. Patent No's. 6,215,743 and 6,339,568 (collectively "the Patents-in-Suit").

## PARTIES

2. Plaintiff DAT is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 75 Montebello Road, Suffern, New York 10901.

3. Upon information and belief, Defendant Nero-Germany is a corporation organized and existing under the laws of Germany, having its principal place of business at Rüppurrer Strasse 1a, 76137 Karlsruhe, Germany.

1

4. Upon information and belief, Defendant Nero-USA is a corporation organized and existing under the laws of of the State of Delaware, having its principal place of business at 330 N. Brand Blvd. Suite 800, Glendale, CA 91203, USA.

5. Upon information and belief, Defendant Nero-USA is a wholly owned subsidiary of Defendant Nero-Germany.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Nero pursuant to N.Y. C.P.L.R. §§ 301 and 302(a)(1)-(3). Upon information and belief, this Court has general jurisdiction over Nero-Germany and Nero-USA based on their continuous and systematic conduct within New York, including, *inter alia,* Nero-Germany's and Nero-USA's continuous contacts with, and sales to, customers in New York, and importation of products into New York. Upon information and belief, Nero-Germany and Nero USA are also subject to specific jurisdiction of this Court because, *inter alia*, Nero-Germany and Nero-USA have committed acts of patent infringement alleged in this Complaint within the state of New York and elsewhere, causing injury within the state. In addition, or in the alternative, this Court has jurisdiction over Nero-Germany pursuant to Fed. R. Civ. P. 4(k)(2).

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, *inter alia*, Plaintiff DAT's principal place of business is located in this judicial district, the Patents-in-Suit are assigned to the Plaintiff, infringement of the Patents-in-Suit has occurred and is occurring in this judicial district, and Defendant Nero-Germany is a foreign entity.

2

## SINGLE ACTION

9. This suit is commenced against Nero-Germany and Nero-USA pursuant to 35 U.S.C. § 299 in a single action because, *inter alia*, upon information and belief, Nero-Germany and Nero-USA are part of the same corporate structure, share management, share a common ownership, share advertising platforms, share facilities, share distribution platforms, share accused product lines, and the accused products involve related technologies.

10. Accordingly, the claims of this complaint arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process, and questions of fact common to all Defendants will arise in the action pursuant to 35 U.S.C. § 299.

## PATENTS-IN-SUIT

11. On April 10, 2001, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,215,743 ("the '743 patent"), entitled "Data Recording And Reproducing Method For Multi-Layered Optical Disk System," based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '743 patent is attached hereto as Exhibit A.

12. On January 15, 2002, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 6,339,568 ("the '568 patent"), entitled "Data Recording And Reproducing Technique For Multi-Layered Optical Disk System Using Different Compression Techniques," based upon an application filed by the inventor, Yasuo Kamatani. A true and correct copy of the '568 patent is attached hereto as Exhibit B.

13. The Patents-in-Suit generally relate to optical disk recording and reproducing technologies.

14. DAT is the owner by assignment of the Patents-in-Suit, and has the right to sue and recover damages for infringement thereof.

**NOTICE**

15. By correspondence, including letters dated September 30, 2014 and October 27, 2014, February 4, 2015, and November 12, 2015, non-party General Patent Corporation ("GPC"), in its role as the manager of DAT, notified Nero-Germany and Nero-USA of the existence of the Patents-in-Suit and Nero's infringement thereof.

16. Accordingly, upon information and belief, Nero has received notice of the Patents-in-Suit, and of Nero's infringement thereof.

**FACTUAL ALLEGATIONS**

17. As referred to in this Complaint, and consistent with 35 U.S.C. § 100 (c), the "United States" means "the United States of America, its territories and possessions."

18. Upon information and belief, Nero manufactures and sells optical disk recording and reproducing products made in accordance with the Patents-in-Suit, including but not limited to: Nero Platinum 2016, Nero Classic 2016, Nero Burning Rom 2016, Nero Video 2016, Nero Recode 2016, prior year editions of the aforementioned products, and other optical disk recording and reproducing products.

19. Upon information and belief, Nero makes, uses, offers to sell, and/or sells its optical disk recording and reproducing products in the United States, and/or imports its optical disk recording and reproducing products into the United States.

**COUNT I: INFRINGEMENT OF THE PATENTS-IN-SUIT BY NERO**

20. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

21. Upon information and belief, Nero has infringed claims of the Patents-in-Suit pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States optical disk recording and reproducing products, including Nero Platinum 2016, Nero Classic 2016, Nero Burning Rom 2016, Nero Video 2016, Nero Recode 2016, prior year editions of the aforementioned products, and other optical disk recording and reproducing products which infringe at least claims 1-8 of the '743 Patent and/or claims 6-11, 16-18, 38-42, and 47-48 of the '568 Patent. Upon information and belief, Nero's infringement pursuant to 35 U.S.C. § 271(a) is ongoing.

22. Upon information and belief, Nero has committed the foregoing infringing activities without license from DAT and with notice of the Patents-in-Suit.

**PRAYER FOR RELIEF**

WHEREFORE, DAT prays for the judgment in its favor against Nero granting DAT the following relief:

A. Entry of judgment in favor of DAT against Nero on all counts;

B. Entry of judgment that Nero has infringed the Patents-in-Suit;

C. Award of compensatory damages adequate to compensate DAT for Nero's infringement of the Patents-in-Suit, in no event less than a reasonable royalty as provided by 35 U.S.C. § 284;

D. DAT's costs;

E. Pre-judgment and post-judgment interest on DAT's award; and

F. All such other and further relief as the Court deems just or equitable.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Fed. R. Civ. Proc., Plaintiff hereby demands trial by jury in this action of all claims so triable.

Dated: March 8, 2016

Respectfully submitted,

KHEYFITS P.C.

By:   /s/ Dmitry Kheyfits
      Dmitry Kheyfits
      dkheyfits@kheyfits.com
      Andrey Belenky
      abelenky@kheyfits.com
1140 Avenue of the Americas
9th Floor
New York, New York 10036
Tel. (212) 203-5399
Fax. (212) 203-6445

*Attorneys for Plaintiff Disk Authoring Technologies LLC.*